## In re STAUDE.
### Patent Appeal No. 2550.

Court of Customs and Patent Appeals.
Feb. 3, 1931.

J. T. Newton, of Washington, D. C., and A. C. Paul, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The application involved in the instant appeal relates to a folding and glueing machine used in the manufacture of envelopes and cardboard cartons.

From a decision of the Board of Appeals of the Patent Office, affirming the decision of the Primary Examiner rejecting claims 1, 2, 3, and 9, appellant has appealed here. Claims 4, 5, 6, 7, 8, and 10, pertaining to other parts of the machine than those involved in the appealed claims, were allowed.

Of the appealed claims, 1 and 3 are regarded as illustrative and read as follows:

"1. A paper box machine having a lateral extension at its blank receiving end to accommodate the blanks before folding, the rear portion of the machine being of less width than the initial portion and permitting easier access to the folding mechanism and conserving space."

"3. A paper box machine having right and left-hand frame sections and transversely arranged screw shafts connecting said sections and arranged in groups with means connecting the screw shafts of a group at one end of said sections with the corresponding shafts of the group at the other ends of said sections, and the different shafts of the groups being arranged upon different levels."

The reference relied on is Staude, 1,104,013, July 21, 1914, which is one of applicant's patents for a paper box machine.

Appellant contends that his present disclosure shows that he has greatly improved the machine of the prior patent by supplying an offset frame which leaves the machine of the same width at the feeding end where the cardboard is inserted before folding, and, by reason of the offset, the remaining part of the machine is much narrower than the old one, resulting in increasing its capacity, facilitating the adjustment of its parts, adding to the safety of making the adjustments while this machine is in operation, cheapening the cost of constructing and lessening the floor space necessary for its occupancy.

The Primary Examiner concluded that "to make it more convenient for the operator to make adjustments is held to be a change not amounting to invention being rather a more convenient arrangement producing no new function or result."

Appellant's able counsel, in a well-prepared brief, has pointed out in great detail the many advantages that flow from the improvement, and we have very carefully considered every question raised, and, while it is apparent that appellant's new disclosure is a better machine than his old one, the change for which the appealed claims call, in our judgment, does not amount to invention.

In Thompson et al. v. Boisselier et al., 114 U. S. 1, 5 S. Ct. 1042, 1047, 29 L. Ed. 76, 1885 C. D. 224, it was said: "So, it is not enough that a thing shall be new, in the sense that in the shape or form in which it is produced it shall not have been before known, and that it shall be useful, but it must, under the constitution and the statute, amount to an invention or discovery."

Repositioning of parts to secure compactness and neatness is not invention. Wappler Electric Co. v. Bronx Hospital and Dispensary (D. C.) 28 F.(2d) 419.

Merely producing a better result than prior inventors produced does not constitute invention. In Re Paul F. Williams, 36 F. (2d) 436, 438, 17 C. C. P. A. 718, 392 O. G. 737, this court said: "It is a settled principle of law that a mere carrying forward of an original patented conception involving only change of form, proportions, or degree, or the substitution of equivalents doing the same thing as the original invention, by substantially the same means, is not such an invention as will sustain a patent, even though the changes of the kind may produce better results than prior inventions."

The decision of the Board of Appeals was correct, and should be, and is, affirmed.

Affirmed.